FILED
BILLINGS DIV.
2010 DEC 21 PM 2 34
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cause No. CR 08-084-BLG-RFC |
| | ) | CV 10-133-BLG-RFC |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING § 2255 MOTION |
| | ) | AND DENYING CERTIFICATE |
| RENO JAMES RUNS ABOVE, | ) | OF APPEALABILITY |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |

On October 25, 2010, Defendant/Movant Reno James Runs Above moved to vacate, set aside, or correct his sentence under 28 U.S.C.§ 2255. He is a federal prisoner proceeding pro se.

**I. Preliminary Screening**

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); see also Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

ORDER DENYING § 2255 MOTION AND
DENYING CERTIFICATE OF APPEALABILITY / PAGE 1

## II. Background

On June 19, 2008, a grand jury indicted Runs Above on one count of being an accessory after the fact, a violation of 18 U.S.C. § 3. The underlying crime was Trinidad Quiroz's murder of Rosella Wooden Thigh on the Northern Cheyenne Reservation, a violation of 18 U.S.C. § 1111. Jurisdiction was predicated on 18 U.S.C. § 1153(a). Indictment (doc. 1) at 1-2. Assistant Federal Defender Steven C. Babcock was appointed to represent Runs Above. Order (doc. 5).

On July 28, 2008, Runs Above filed a fully executed plea agreement. On August 14, 2008, he pled guilty in open court. Plea Agreement (doc. 11); Minutes (doc. 14).

A presentence report was prepared. On November 14, 2008, the United States filed a Sentencing Memorandum, seeking a five-level upward adjustment in the guideline calculation under U.S.S.G. § 5K2.8 for extreme conduct. Gov't Sentencing Mem. (doc. 18) at 1-2. Runs Above also filed a sentencing memorandum. Def. Sentencing Mem. (doc. 19) at 1-4.

On November 20, 2008, Runs Above was sentenced to serve 180 months in prison, to be followed by a three-year term of supervised release. Minutes (doc. 20); Judgment (doc. 21) at 2-3.

Runs Above appealed. On October 5, 2009, his conviction and sentence were affirmed. United States v. Runs Above, No. 08-30459 (9th Cir. Oct. 5, 2009) (unpublished mem. disp.) (doc. 30).

Runs Above timely filed his § 2255 motion on October 25, 2010.

### III. Allegations

Runs Above alleges, first, that his lawyer was ineffective in several respects. He complains that counsel failed to argue that the United States breached the plea agreement, Mot. § 2255 (doc. 32) at 4 ¶ 12A; did not argue that Runs Above committed the offense under duress due to fear of the perpetrator, Mot. App. (doc. 32-1) at 1; did not "bring up" the credibility of Shane Sandcrane's statements, id.; and did not object to the restitution order, id.

Second, Runs Above claims the sentence imposed was unreasonable and an abuse of discretion. Mot. § 2255 at 4 ¶ 12B; Mot. App. at 2.

### IV. Analysis

#### A. Ineffective Assistance of Counsel

To show ineffective assistance, Runs Above must show, first, that counsel's performance was unreasonably deficient, Strickland v. Washington, 466 U.S. 668, 687-88 (1984), and a reasonable probability that, but for counsel's errors, the

outcome of the proceeding would have been different, id. at 694. "[T]here is no reason . . . to address both components of the inquiry if the [petitioner] makes an insufficient showing on one." Id. at 697.

### 1. Breach of the Plea Agreement

There was no breach. The parties "reserve[d] all right, without condition, to make any appropriate sentencing recommendation." Plea Agreement (doc. 11) at 7 ¶ 11. Runs Above can show neither deficient performance nor prejudice. Because neither prong of the Strickland test is met, this claim is denied.

### 2. Runs Above's Alleged Fear and Duress

The suggestion that Runs Above acted under duress was not credible. Sentencing Tr. at 30:1-23. No statement or action by counsel could change the basic inconsistency between Runs Above's words in court and his actions at the time of Wooden Thigh's death. The statement Runs Above wrote to the Court contradicts itself; Runs Above claims both that he was deathly afraid of Quiroz and that he ridiculed a suggestion Quiroz made to Sandcrane. Presentence Report ¶ 32. In his first statement to police, he admitted things that are inconsistent with fear. E.g., Presentence Report ¶ 9 (admitting he returned to the trailer the next day on his own initiative). It is not counsel's fault that he could not dilute the viciousness of Runs

Above's conduct. Had he pressed Runs Above's claim that he acted under duress, he would not have succeeded. Neither prong of the <u>Strickland</u> test is met. This claim is denied.

### 3. Sandcrane's Credibility

First, counsel did "bring up" Sandcrane's credibility by pointing out that he was charged with a more significant crime than Runs Above. Sentencing Tr. at 12:10-25. Second, Runs Above's sentence was based on his own statements and actions, not Sandcrane's. Neither prong of the <u>Strickland</u> test is met. This claim is denied.

### 4. Restitution

Runs Above identifies no aspect of the restitution order, totaling $5,811.10, to which counsel could have objected, much less any likelihood that his restitution would have been less or would not have been ordered if counsel had objected. Sentencing Tr. at 36:6-37:5. Neither <u>Strickland</u> prong is met. This claim is denied.

## B. Sentence

Runs Above's claim that his sentence was unreasonable was decided on direct appeal. To the extent he combines complaints against counsel with complaints about his sentence, those claims are dealt with in Part A.2 above. There is no ground for

reconsidering the sentence. <u>United States v. Alexander</u>, 106 F.3d 874, 876 (9th Cir. 1997); <u>United States v. Scrivner</u>, 189 F.3d 825, 828 n.1 (9th Cir. 1999). This claim is denied.

### V. Certificate of Appealability

A certificate of appealability is granted only where the movant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Runs Above does not meet that standard. He pled guilty to being an accessory after the fact to murder. He was an active and willing participant in atrocious post-mortem conduct against the victim. His challenges to his counsel's conduct and to his sentence simply fail to deal with the reality of his own actions. There is no reason to encourage further proceedings. A certificate of appealability is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Runs Above's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (docs. 32, 32-1) is DENIED.

2. The Clerk of Court shall enter, by separate document in the civil case, a judgment against Runs Above and in favor of the United States;

3. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Runs Above files a notice of appeal;

4. The Clerk of Court shall terminate all pending motions in this case and in the civil case, CV 10-133-BLG-RFC, and shall close the civil file.

DATED this 21st day of December, 2010.

/s/ Richard F. Cebull
Richard F. Cebull, Chief Judge
United States District Court